# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| BARBARA HUBER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-CV-423 JVB |
| | ) | |
| THE AMERICAN QUALITY SCHOOLS CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Defendant, American Quality Schools Corporation ("AQS"), has filed a motion for summary judgment (DE 47) and a motion to strike portions of Plaintiff Barbara Huber's response brief (DE 57). Plaintiff has filed a motion to strike or deem certain arguments in Defendant's reply brief waived, or, alternatively, to permit her to file a surreply, and to award attorney's fees (DE 59). All three motions are fully briefed and ripe for decision.

**A.     Background and Procedural History**

AQS is an organization that manages charter schools. AQS had a management contract with the Indiana Schools for Excellence Foundation to manage Xavier School of Excellence. AQS hired Barbara Huber for the 2009–10 school year to be the director, or principal, at Xavier. She returned to that position for the 2010–11 school year. When she was not offered that same position for a third year, she filed an EEOC charge of discrimination against AQS and Xavier, claiming discrimination on the basis of race, color, age, and disability. She also claimed she was

1

retaliated against.

After Huber filed the EEOC charge, but before AQS received notice of it, AQS offered Huber the position of director of special education for all the schools it managed at a reduced salary. She held this position until sometime in the summer of 2012, when her employment with AQS ended. In July 2012, Huber filed another charge of discrimination, alleging only retaliation.

Huber received right to sue letters for both charges and filed this action. Her second amended complaint alleges claims against AQS, Xavier, and others for discrimination, harassment, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended; discrimination and retaliation in violation of 42 U.S.C. § 1981, as amended; Family and Medical Leave Act of 1993 interference and retaliation; discrimination and retaliation in violation of the Americans with Disabilities Act, as amended; age discrimination in employment; and ERISA retaliation. By the stipulation of the parties, Huber dismissed all defendants except AQS and dismissed a number of claims, so that her only remaining claims were retaliation under Title VII, retaliation under § 1981, and discrimination and retaliation under the Americans with Disabilities Act. However, in her summary judgment response brief, Huber informs the Court that she had intended to dismiss her discrimination claim under the Americans with Disabilities Act by the stipulation. She represents that it was omitted from the claims to be dismissed because of a typographical error and that she is not pursuing the claim. Accordingly, only retaliation claims under Title VII, § 1981, and the Americans with Disabilities Act remain.[1]

---

[1] Because AQS presented no argument in its brief in support of summary judgment regarding retaliation under the Americans with Disabilities Act, the Court assumes it is not seeking summary judgment on that claim.

B. **Preliminary Matters**

(1) *Defendant's Motion to Strike*

AQS contends that Huber cannot maintain two of the claims advanced in her response brief because they were not presented in her EEOC charges of discrimination or alleged in her complaint. With regard to Title VII claims, a plaintiff "may pursue a claim not explicitly included in an EEOC complaint only if the allegations fall within the scope of the charges contained in the EEOC complaint." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). This means that, at a minimum, "the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Id.* The disputed claims must be "like or reasonably related to" those contained in the EEOC complaint. *Id.*

AQS first asks the Court to strike Huber's assertion that it retaliated against her because she refused to comply with Xavier's demand that she engage in unlawful hiring practices. Huber insists that her claim that she was a victim of retaliation because she opposed employment practices made unlawful by Title VII naturally grows out of her EEOC charge.

The Court disagrees. Although Huber checked the retaliation box on both of the EEOC charge of discrimination forms she filed, her narrative of the particulars of her claims includes no facts supporting a claim that she opposed unlawful employment practices.[2] Her allegation in the first charge that she had difficulty working with the Xavier school board, which she believes was because she is white while the school board members are black, contains no suggestion of conduct on her part that amounted to opposition to illegal employment practices. Her second

---

[2]Huber argues that because she checked both the race and retaliation boxes on her EEOC charge, she gave adequate notice of a claim of retaliation for opposing unlawful employment practices. But her narrative alleges only that she was retaliated against on the basis of her disability or perceived disability.

charge of discrimination similarly lacks any reference to activity that could be construed as opposing illegal employment practices.[3] Accordingly, Huber may not pursue a Title VII claim for retaliation on the basis of her opposition to illegal employment practices because she did not include such a claim in either of her charges of discrimination.

However, as Huber points out, filing an EEOC charge is not a prerequisite to bringing a retaliation claim under § 1981. AQS argues that the amended complaint doesn't give it notice that Huber was claiming it retaliated against her for opposing illegal employment practices. The Court disagrees. She alleges in paragraph 25 of the factual background section of the amended complaint that a board member berated her because AQS was not hiring black teachers. In an affidavit incorporated into the complaint by reference she stated that at a board meeting, with Mike Bakalis and Vito Bianco (an AQS vice-president) in attendance, the board member yelled at her for ten minutes about wanting her to hire black teachers. This, coupled with her assertion in Count II of the amended complaint, dealing specifically with her § 1981 claims, that there was a causal link between AQS's employment decisions regarding Huber and her statutorily protected expressions, is enough to allow her to proceed with her theory that she was retaliated against for opposing unlawful employment practices under § 1981.

AQS further argues that Huber raises for the first time in her summary judgment response brief allegations that Xavier interfered with her ability to perform her job as director of special education for AQS. In her summary judgment response brief, Huber contends that Xavier interfered by demanding that she not be allowed on its premises and that AQS complied with the request. Read in context, this is simply an allegation of a particular retaliatory action by AQS.

---

[3] In her second charge of discrimination Huber alleged that she was terminated and not considered for other positions with AQS in retaliation for having filed EEOC charges against AQS and Xavier.

The Court does not believe that an EEOC charge or a complaint must be so specific that it sets out every alleged act of retaliation. Moreover, the seeds of this allegation were planted in Huber's second EEOC charge, where she states that the Xavier school board did not want her at its school. And she explicitly alleged in paragraph 186 of her amended complaint that Xavier interfered with her ability to perform her job duties as AQS's director of special education. There is no cause to strike anything from Huber's summary judgment response brief relating to Xavier's alleged interference.

**(2)** *Plaintiff's Motion regarding Defendant's Reply Brief*

Huber first asks the Court not to consider sections A and D of AQS's reply brief, because, she insists, they constitute arguments first raised in the reply brief, and thus have been waived. Section A makes the same argument AQS advanced in its motion to strike: that some of Huber's retaliation claims are outside the scope of her EEOC charges. The Court determined this issue in its ruling on that motion. There is no reason to strike section A of AQS's reply brief or deem the arguments waived.

In Section D of its reply brief, AQS asserts that Huber cannot establish retaliation under the indirect method of proof set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1971). According to Huber, AQS did not raise this argument in its opening brief and should therefore be precluded from doing so in its reply. But AQS did raise the issue in its opening brief by arguing that Huber has provided no evidence of any similarly situated employees not subjected to the same adverse action. AQS was not required to nominate potential comparators and then argue that they are not comparable. What's more, in her summary judgment response brief, Huber

5

proposed five AQS employees as comparators. AQS is most certainly entitled to explain in its summary judgment reply brief why these people are not comparable to her. There is nothing inappropriate in Section D and the Court will not strike it.

Huber next argues that all the exhibits AQS submitted with its summary judgment reply brief should be stricken because they raise new issues. The Court disagrees. The contested exhibits merely support proper arguments advanced in that brief.

Because the Court finds nothing improper in AQS's summary judgment reply brief, it will not permit Huber to file a surreply, the alternative relief she requests. Moreover, there is no cause to sanction AQS by awarding Huber attorney fees.

**C.        Summary Judgment Motion**

After reviewing the designated evidence and the parties' arguments, the Court is unable to conclude that AQS should prevail as a matter of law. Accordingly, its motion for summary judgment on Huber's § 1981 retaliation claim for opposing unlawful employment practices and her retaliation claims under Title VII and § 1981 for filing an EEOC charge of discrimination is denied.

**D.        Conclusion**

For the foregoing reasons, AQS's motion to strike (DE 57) is GRANTED IN PART and DENIED IN PART. Huber may not proceed on her Title VII claim regarding retaliation for opposition to unlawful employment practices. Plaintiff's motion to strike (DE 59) is DENIED. AQS's motion for summary judgment (DE 47) is DENIED. The issues remaining for trial are

retaliation under the Americans with Disabilities Act, retaliation under § 1981 for opposing unlawful employment practices, and retaliation under Title VII and § 1981 for filing an EEOC charge of discrimination.

SO ORDERED on November 5, 2015.

          s/ Joseph S. Van Bokkelen
          Joseph S. Van Bokkelen
          United States District Judge
          Hammond Division